IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEWYORK

CASE NO.:

---------------------------------------------------------X
Alan Eisenman and Isaac Begun,

                Plaintiff,

-against-

Lawrence Katz, The Law Office of
Lawrence Katz, P.C., and The Law Office of
Lawrence Katz, Esq., PLLC,

                Defendants.
---------------------------------------------------------X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1446, 1442, 1441, 1367, and 1331 and 15 U.S.C § 78aa, Defendants, Lawrence Katz, The Law Office of Lawrence Katz, P.C., and The Law Office of Lawrence Katz, Esq., PLLC, remove the above-captioned action from the Supreme Court of the State of New York, Nassau County, Index No.: 615418/2022 to the United States District Court for the Eastern District of New York. Removal is premised on a federal question, complete preemption, an "embedded federal question" and in support of their notice and grounds for removal, Defendants state as follows:

1.     A true copy of the Complaint is attached hereto as **Exhibit "A."** True copies of the entire state court docket, in chronological order, including the Summons with Notice, all process, the Demand for Complaint and the Complaint are attached hereto as Composite **Exhibit "B."** A true copy of the docket printout from the state court is attached hereto as **Exhibit "C."**

2. At the time of the service of the Complaint in state court and at the time of the removal, all of the Defendants consented to removal.

3. On or about November 4, 2022 the Plaintiffs initially filed a Summons with Notice, thereafter, on March 12, 2023 the Defendants duly served a Demand for a Complaint indicating that pursuant to CPLR § 3012(b), the demand did not constitute an appearance in the action or a waiver of any jurisdictional or other claims or defenses or objections to venue.

4. The Complaint was served on March 29, 2023, and since the Defendants have removed within 30 days of service of the Complaint, the within removal is timely pursuant to 28 U.S.C. §1446(b).

## STATEMENT OF THE GROUNDS FOR REMOVAL

5. This action was commenced when Plaintiffs served their Complaint upon the Defendants Lawrence Katz, The Law Office of Lawrence Katz, P.C., and The Law Office of Lawrence Katz, Esq., PLLC, on March 29, 2023, (the "Defendants").

6. This Court possesses original jurisdiction because the Complaint and applicable defenses arise under federal law pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442 and 1446 and 15 U.S.C § 78aa.

7. Plaintiffs allege that defendant Katz's principal place of business is in the State of New York, Kings County; Plaintiffs reside in the State of New York, County of Kings. *See* **Ex. "A" ¶¶**1, 7.

8. The Complaint, alleges on its face that this is an action "relating to a raise of capital . . . for a business entity known as Cardis . . . and all investments . . . were made through Katz." *See* **Ex. "A" ¶¶**9. Because the Complaint alleges federal issues and questions this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1446, 1442, 1441, 1367, and 1331 and 15 U.S.C § 78aa.

9. Here, Plaintiffs' claims arise under federal law, pursuant to 28 U.S.C. § 1331, because this completely preempts them and thus "transforms" what otherwise would be a state claim "into a federal action." *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 484 (1999).

10. Additionally, federal subject matter jurisdiction exists because important federal questions are embedded in the litigation of Plaintiff's Complaint within the meaning of the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 315 (2005).

## CONCLUSION

11. A Notice of Filing of the Notice of Removal will be filed in the Supreme Court of the State of New York, County of Nassau, with copies served on counsel of record, pursuant to 28 U.S.C. §1446(a) and (d).

12. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, lack of capacity to sue, lack of personal jurisdiction, improper venue or forum, all defenses specified in FRCP Rule 12, or any other defense. All claims of Plaintiffs require dismissal. Defendants demand a trial by jury on all issues raised in this litigation.

WHEREFORE, the Defendants, give notice that the above-captioned action now pending against them in the Supreme Court of the State of New York for Nassau County under Index No.: 615418/2022 is removed to this Court.

Dated: April 18, 2023               Respectfully submitted,

                                    **LEVI HUEBNER & ASSOCIATES PC**

                                    /s/ *Levi Huebner*_____
                                    Levi Huebner

                                    488 Empire Boulevard, Suite 100
                                    Brooklyn, New York 11225
                                    Telephone:    (212) 354-5555
                                    Email:        Newyorklawyer@msn.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, a copy of the foregoing will be contemporaneously sent to Plaintiffs' attorneys, Elliot J. Blumenthal of the LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC by electronic mail at Elliot@eblumenthallaw.Com and a copy of this notice of removal will also be contemporaneously filed with the state court from which it derives and service will be made via the state court's electronic filing system upon all counsel of record.

Law Offices of Elliot J. Blumenthal, PLLC
483 Chestnut Street
Cedarhurst, New York 11516
*Attorneys for Plaintiffs*
Telephone (516) 295-0903
Fax (516) 706-3963
E-mail: Elliot@eblumenthallaw.Com

Dated: April 18, 2023

/s/ *Levi Huebner*_____
Levi Huebner