Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 1 of 28 PageID #: 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ALAN EISENMAN and ISAAC BEGUN,

                          Plaintiffs,

        -against-

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and THE LAW OFFICE OF
LAWRENCE KATZ, ESQ., PLLC,

                        Defendants.

**SUMMONS WITH NOTICE**

Index No.:

---

To the above-named Defendants:

       **YOU ARE HEREBY SUMMONED** to serve a Notice of Appearance on the Plaintiffs within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below. The basis of the venue designated is the residence of Plaintiff.

Dated: Cedarhurst, New York
       November 4, 2022

                   **LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC**
                   *Attorneys for Plaintiffs*
                   483 Chestnut Street
                   Cedarhurst, New York 11516
                   (516) 295-0903
                   *elliot@eblumenthallaw.com*

By:            _____
                   ELLIOT J. BLUMENTHAL

TO:    LAWRENCE KATZ
488 Empire Blvd., Suite 101
Brooklyn, NY 11225-3204

THE LAW OFFICE OF LAWRENCE KATZ, P.C.
488 Empire Blvd., Suite 101
Brooklyn, NY 11225-3204

THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC
488 Empire Blvd., Suite 101
Brooklyn, NY 11225-3204

**NOTICE:**    The nature of this action is that Defendants committed fraud, legal malpractice, breach of fiduciary duty, and have violated Judiciary Law § 487. The action arises out of Defendants' assistance and participation in a massive fraud relating to a raise of capital by an individual named Aaron Fischman for a business entity known as Cardis. Defendants allowed Fischman to control their attorney escrow accounts and use Plaintiffs' funds that had been given to Defendants as investments in Cardis, to be used for Fischman's personal expenses and said funds were improperly disbursed to Fischman and Fischman's family members.

The relief sought is,

i.    damages for monetary loss of investment;

ii.    treble damages for a violation of Judiciary Law § 487

iii.    punitive damages;

iv.    costs and disbursements of this action, including attorney's fees; and

v.    such other and further relief as the Court may deem just and proper.

Case 2:23-cv-02889-NRM-ARL Document 1-2 Filed 04/18/23 Page 3 of 28 PageID #: 22

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

ALAN EISENMAN and ISAAC BEGUN,

       Plaintiff,                            Index No.

       -against-

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and THE LAW OFFICE
OF LAWRENCE KATZ, ESQ., PLLC,

       Defendants.

-------------------------------------------------------------------X

## SUMMONS WITH NOTICE

LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC
483 CHESTNUT STREET
CEDARHURST, NEW YORK 11516
*ATTORNEYS FOR PLAINTIFFS*
TELEPHONE (516) 295-0903
FAX (516) 706-3963
E-MAIL: ELLIOT@EBLUMENTHALLAW.COM

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated*: November 4, 2022      Signature………………………………………………………

                          Print Signer's Name: Elliot J. Blumenthal

*Service of a copy of the within*                       *is hereby admitted.*

*Dated*:………………               ………………………………………………………
                         *Attorney(s) for*

LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC
483 CHESTNUT STREET
CEDARHURST, NEW YORK 11516
*ATTORNEYS FOR PLAINTIFFS*
TELEPHONE (516) 295-0903
FAX (516) 706-3963
E-MAIL: ELLIOT@EBLUMENTHALLAW.COM

Case 2:23-cv-02889-NRM-ARL Document 1-2 Filed 04/18/23 Page 4 of 28 PageID #: 23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------------------------X

ALAN EISENMAN and ISAAC BEGUN,

Index No: 615418/2022

Plaintiff,

-against-

**AFFIDAVIT OF SERVICE**
**Nail & Mail**

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and THE LAW OFFICE OF
LAWRENCE KATZ, ESQ., PLLC,

Defendants,.

---------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

Christopher Baez being duly sworn, says:

1. I am not a party to this action, am over 18 years of age and reside in: QUEENS COUNTY

2. On **March 03, 2023, at 12:26 P.M.**, I served the within **Summons with Notice; Notice of Electronic Filing** on **THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC** the person named on the "SUMMONS" by affixing a copy thereof upon a conspicuous place, to wit: the entrance door; at **488 Empire Blvd Suite 101, Brooklyn, NY 11225** because the deponent was unable to gain admittance or to find a person of suitable age or discretion willing to receive documents at the time and on prior attempt(s) made on **March 02, 2023; March 03, 2023.**

3. On **March 03, 2023** I mailed true copies of the within **Summons with Notice; Notice of Electronic Filing,** on **THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC** by regular first-class mail and by certified mail, enclosed in post-paid properly addressed envelopes to the aforesaid address, **88 Empire Blvd Suite 101, Brooklyn, NY 11225,** of the premises sought to be recovered. Said mail was deposited within a Post Office under the exclusive care and custody of the United States Postal Service within the State of New York.

4. The entrance door to the defendant's premises can be described as follows: **Glass Door with Black Frame.**

5. **GPS Coordinates:**

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 5 of 28 PageID #: 24

**March 02, 2023** at 04:35 P.M. **GPS Coordinates:** 40.66425141, -73.94623135

**Notes:** I was told by a man with a beard through the window that Lawrence Katz is not in and he is not authorized to take anything on his behalf or on behalf of any of his companies.

**March 03, 2023** at 09:48 A.M. **GPS Coordinates:** 40.66428948, -73.94641038

**Notes:** Knocked on the main entrance door to the building but nobody answered. I then knocked on the window. Someone looked out the window and immediately closed the window. I knocked a few more times but he did not communicate with me.

**March 03, 2023** at 12:22 P.M. **GPS Coordinates:** 40.66415346, -73.94614055

**Notes:** Knocked on the window and the main door but nobody answered.

6. **Server Notes:** At this time **THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC** did not come to the door. I was not able to serve **THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC** personally at this time. All the documents were posted on the front main entrance door.

Name: Christopher Baez
Lic #: 2094952-DCA
Hermes Edge Inc.

Subscribed and sworn to before me
on: **March** 6 **2023**

Notary Public
My commission expires on:

NICOLE COLE
NOTARY
NO. 01CO6371421
QUALIFIED IN
ULSTER COUNTY
COMM. EXP.
02-26-2026
PUBLIC
STATE OF NEW YORK

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 6 of 28 PageID #: 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------X

ALAN EISENMAN and ISAAC BEGUN,                    Index No: 615418/2022

                              Plaintiff,

        -against-                                 **AFFIDAVIT OF SERVICE**
                                                  **Nail & Mail**

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and  THE LAW OFFICE OF
LAWRENCE KATZ, ESQ., PLLC,

                              Defendants,.

-----------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

        Christopher Baez being duly sworn, says:

1. I am not a party to this action, am over 18 years of age and reside in: QUEENS
   COUNTY

2. On **March 03, 2023, at 12:25 P.M.**,  I served the within **Summons with Notice; Notice
   of Electronic Filing** on **THE LAW OFFICE OF LAWRENCE KATZ, P.C.** the person
   named on the "SUMMONS" by affixing a copy thereof upon a conspicuous place, to wit:
   the entrance door; at **488 Empire Blvd Suite 101, Brooklyn, NY 11225** because the
   deponent was unable to gain admittance or to find a person of suitable age or discretion
   willing to receive documents at the time and on prior attempt(s) made on **March 02,
   2023; March 03, 2023.**

3. On **March 03, 2023** I mailed true copies of the within **Summons with Notice; Notice of
   Electronic Filing,** on **THE LAW OFFICE OF LAWRENCE KATZ, P.C.** by regular
   first-class mail and by certified mail, enclosed in post-paid properly addressed envelopes
   to the aforesaid address, **88 Empire Blvd Suite 101, Brooklyn, NY 11225,** of the
   premises sought to be recovered. Said mail was deposited within a Post Office under the
   exclusive care and custody of the United States Postal Service within the State of New
   York.

4. The entrance door to the defendant's premises can be described as follows: **Glass Door
   with Black Frame.**

5. **GPS Coordinates:**

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 7 of 28 PageID #: 26

**March 02, 2023** at 04:33 P.M. **GPS Coordinates:** 40.66425634, -73.94623272

> **Notes:** I was told by a man with a beard through the window that Lawrence Katz is not in and he is not authorized to take anything on his behalf or on behalf of any of his companies.

**March 03, 2023** at 09:48 A.M. **GPS Coordinates:** 40.66424023, -73.9461405

> **Notes:** Knocked on the main entrance door to the building but nobody answered. I then knocked on the window. Someone looked out the window and immediately closed the window. I knocked a few more times but he did not communicate with me.

**March 03, 2023** at 12:21 P.M. **GPS Coordinates:** 40.66415455, -73.9461403

> **Notes:** Knocked on the window and the main door but nobody answered.

6. **Server Notes:** At this time **THE LAW OFFICE OF LAWRENCE KATZ, P.C.** did not come to the door. I was not able to serve **THE LAW OFFICE OF LAWRENCE KATZ, P.C.** personally at this time. All the documents were posted on the front main entrance door.

Name: Christopher Baez
Lic #: 2094952-DCA
Hermes Edge Inc.

Subscribed and sworn to before me
on: **March** ____, **2023**

Notary Public
My commission expires on:

NICOLE COKE
NOTARY
NO.01CO6371421
QUALIFIED IN
ULSTER COUNTY
COMM. EXP.
02-26-2026
PUBLIC
STATE OF NEW YORK

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 8 of 28 PageID #: 27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------------X

ALAN EISENMAN and ISAAC BEGUN,                    Index No: 615418/2022

                              Plaintiff,

          -against-                               **AFFIDAVIT OF SERVICE**
                                                  **Nail & Mail**

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and  THE LAW OFFICE OF
LAWRENCE KATZ, ESQ., PLLC,

                              Defendants,.

-----------------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

          Christopher Baez being duly sworn, says:

1. I am not a party to this action, am over 18 years of age and reside in: QUEENS
   COUNTY

2. On **March 03, 2023, at 12:22 P.M.**,  I served the within **Summons with Notice; Notice
   of Electronic Filing** on **LAWRENCE KATZ** the person named on the "SUMMONS" by
   affixing a copy thereof upon a conspicuous place, to wit: the entrance door; at **488
   Empire Blvd Suite 101, Brooklyn, NY 11225** because the deponent was unable to gain
   admittance or to find a person of suitable age or discretion willing to receive documents
   at the time and on prior attempt(s) made on **March 02, 2023; March 03, 2023.**

3. On **March 03, 2023** I mailed true copies of the within **Summons with Notice; Notice of
   Electronic Filing,** on **LAWRENCE KATZ** by regular first-class mail and by certified
   mail, enclosed in post-paid properly addressed envelopes to the aforesaid address, **88
   Empire Blvd Suite 101, Brooklyn, NY 11225,** of the premises sought to be recovered.
   Said mail was deposited within a Post Office under the exclusive care and custody of the
   United States Postal Service within the State of New York.

4. The entrance door to the defendant's premises can be described as follows: **Glass Door
   with Black Frame.**

5. **GPS Coordinates:**

Case 2:23-cv-02889-NRM-ARL Document 1-2 Filed 04/18/23 Page 9 of 28 PageID #: 28

**March 02, 2023** at 04:30 P.M. **GPS Coordinates:** 40.66418671, -73.94598098

>**Notes:** I was told by a man with a beard through the window that Lawrence Katz is not in and he is not authorized to take anything on his behalf.

**March 03, 2023** at 09:45 A.M. **GPS Coordinates:** 40.66405918, -73.94606034

>**Notes:** Knocked on the main entrance door to the building but nobody answered. I then knocked on the window. Someone looked out the window and immediately closed the window. I knocked a few more times but he did not communicate with me.

**March 03, 2023** at 12:20 P.M. **GPS Coordinates:** 40.66419672, -73.94608433

>**Notes:** Knocked on the window and the main door but nobody answered.

6. **Server Notes:** At this time **LAWRENCE KATZ** did not come to the door. I was not able to serve **LAWRENCE KATZ** personally at this time. All the documents were posted on the front main entrance door.

>Name: Christopher Baez
>Lic #: 2094952-DCA
>Hermes Edge Inc.

Subscribed and sworn to before me
on: **March _____, 2023**

_____
 Notary Public
My commission expires on:

NICOLE COKE
NOTARY
NO. 01CO6371421
QUALIFIED IN
ULSTER COUNTY
COMM EXP
02-26-2026
PUBLIC
STATE OF NEW YORK



# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Brooklyn, NY 11225    OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $4.15 | 0010 |
| $ $0.00 | 08 |
| Extra Services & Fees (check box, add fee as appropriate) $0.00 | |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery $ $0.00 | Here |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $0.63 | |
| $ | 03/03/2023 |
| Total Postage and Fees $4.78 | |
| $ | |

Sent To  Lawrence Katz

Street and Apt. No., or PO Box No.  488 Empire Blvd Suite 101

City, State, ZIP+4®  Brooklyn  NY  11225

**PS Form 3800, April 2015** PSN 7530-02-000-9047    **See Reverse for Instructions**

2104 4554 0000 0700 0202

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
**Domestic Mail Only**

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Brooklyn, NY 11225

| | |
|---|---|
| Certified Mail Fee | $4.15 |
| $ | $0.00 |

0010
08

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage $0.63
$

03/03/2023

Total Postage and Fees
$ $4.78

Sent To *The Law Office of Lawrence Katz*

Street and Apt. No., or PO Box No. *488 Empire Blvd Suite 101*

City, State, ZIP+4® *Brooklyn NY 11225*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

8 of 9

7020 0640 0000 4964 4005



# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
**Domestic Mail Only**

For delivery information, visit our website at *www.usps.com®*.

Brooklyn, NY 11225     OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee | $4.15 | 0010 |
| $ | $0.00 | 08 |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)        $ $0.00          Postmark
☐ Certified Mail Restricted Delivery $ $0.00            Here
☐ Adult Signature Required           $ $0.00
☐ Adult Signature Restricted Delivery $

Postage     $0.63
$                                          03/03/2023
Total Postage and Fees
$           $4.78                                  PLLC

Sent To   The Law Office of Lawrence Katz Esq

Street and Apt. No., or PO Box No.
488 Empire Blvd Suite 101

City, State, ZIP+4®
Brooklyn NY 11225

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 13 of 28 PageID #: 32

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------X

Alan Eisenman and Isaac Begun,                    **Index No. 615418/2022**

      Plaintiffs,

   -against-                        **<u>DEMAND FOR COMPLAINT</u>**

Lawrence Katz, The Law Office of
Lawrence Katz, P.C., and The Law Office of
Lawrence Katz, Esq., PLLC,

      Defendants.
--------------------------------------------------------------------X

**C O U N S E L O R (S)**

  **PLEASE TAKE FURTHER NOTICE** that the Defendants by and through the undersigned counsel hereby demands pursuant to CPLR § 3012(b) that Plaintiff serve its complaint upon each of the Defendants in the above-captioned proceeding. Pursuant to CPLR § 3012(b), this demand does not constitute an appearance in this action or a waiver of any jurisdictional or other claims or defenses or objections to venue.

  **PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR § 2103 the undersigned counsel expressly rejects service of papers in this matter upon them by electronic means other than by NYSCEF.

Dated:  Brooklyn, New York
   March 12, 2023

        Levi Huebner & Associates, PC

        / s / Levi Huebner

        _____

        By:  Levi Huebner

        488 Empire Boulevard, Suite 100
        Brooklyn, NY  11225
        Telephone: (212) 354-5555

        *Attorneys for Defendants*

Via NYSCEF to all Counsel of Record

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

|  |  |
|---|---|
| ALAN EISENMAN and ISAAC BEGUN, | **COMPLAINT** |
| Plaintiffs, | **Index No.: 615418/2022** |
| -against- | |
| LAWRENCE KATZ, THE LAW OFFICE OF LAWRENCE KATZ, P.C., and THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC, | |
| Defendants. | |

Plaintiffs ALAN EISENMAN and ISAAC BEGUN, by and through their

undersigned counsel alleges as follows:

## PARTIES AND BACKGROUND

1.      Plaintiffs ALAN EISENMAN and ISAAC BEGUN are natural persons residing

in the County of Nassau, State of New York.

2.      Defendant Lawrence Katz is a natural person residing in the State of New York.

3.      Defendant Lawrence Katz is a member of the New York bar, having been

admitted by the Appellate Division, Second Judicial Department in 1986.

4.      Mr. Katz held himself out as a member of the bar of the State of New York in

good standing who was subject to all applicable rules and regulations that regulate attorneys'

conduct, including, but not limited to, the proper use and maintenance of escrow accounts.  As is

described below, it was discovered on November 12, 2020 that Mr. Katz was not in compliance

with the rules and regulations regarding the proper use of escrow accounts.

5.      Defendant The Law Office of Lawrence Katz, P.C. ("PC"), upon information and belief, was a domestic professional corporation duly organized and existing by virtue of the laws of the State of New York, County of Nassau, which was formed on February 5, 2008 and was located at 445 Central Avenue, Cedarhurst, New York 11516, and was dissolved by proclamation on January 25, 2012.

6.      Defendant The Law Office of Lawrence Katz, Esq., PLLC ("PLLC"), is a domestic professional limited liability company duly formed on February 29, 2012, and duly organized and existing under the laws of the State of New York, County of Nassau, and also was located at 445 Central Avenue, Cedarhurst, New York 11516.

7.      Upon information and belief Katz now uses 488 Empire Blvd., Suite 101, Brooklyn, NY 11225-3204 as his business address as that is the address listed on the Office of Court Administration website.

8.      Upon information and belief, at all times hereinafter mentioned and relevant hereto, PLLC was in function, if not legally, the successor entity of PC.

9.      This action seeks damages from Defendants for multiple incidents of fraud, professional misconduct and legal malpractice stemming from Defendants' assistance and participation in a massive fraud relating to a raise of capital by an individual named Aaron Fischman ("Fischman") for a business entity known as Cardis.  Cardis itself was broken into several entities, Cardis Enterprises International, N.V., Cardis Enterprises International, B.V., and Cardis Enterprises International (U.S.A.), Inc. (collectively, "Cardis").  Katz served as the attorney for Fischman and Cardis and all investments and loans were made through Katz's various bank accounts, including his Interest on Lawyer Accounts ("IOLA").

2

10.     On November 12, 2020, in proceedings relating to the enforcement of several judgments in favor of a creditor that were confessed by Fischman, Fischman testified under oath that he directed Katz what to do with the money from investors that was deposited into Katz's IOLA account.  Aaron Fischman is not an attorney.

11.     A forensic investigation indicates that the money from investors and lenders was used to pay for Fischman's personal expenses and was transferred to various Fischman family members.  Katz's intentional abdication of his professional responsibilities and obligations to safeguard funds in his IOLA accounts constituted a fraud on the investors who reasonably relied upon Katz's status as an attorney to ensure that their investments would be handled appropriately and would be actually received and used by Cardis to further its business.

12.     Fischman used the monies earmarked for investment in Cardis, and ultimately another entity, to fund his, and his family's lavish lifestyle.

13.     Cardis was purportedly in the business of developing and marketing aggregation technologies for low value payments with credit cards and debit cards.

14.     Over the course of several years, beginning at least as far back as 2006, and continuing into 2016, Aaron Fischman solicited in excess of $70 Million in investments into Cardis, but unfortunately, much of the funds were never given to Cardis, but were diverted by Fischman, with the assistance of his lawyer, Lawrence Katz.

15.     Fischman instructed investors to write checks for their investments to his attorney, the defendant herein, Lawrence Katz.

16.     While all of the funds were earmarked by investors such as Plaintiffs for Cardis, Katz disbursed them as Fischman directed.  Most of the monies raised did not in fact go to Cardis.  Rather, they were sent to Fischman, entities he owned and controlled (such as Choshen

Israel LLC), Nina Fischman (his wife), the Fischmans' children, or to pay for the Fischmans'

lavish lifestyle, which included a vacation home in Sullivan County, New York, and a vacation

apartment in Jerusalem, Israel.

17.     Plaintiffs were two of the investors duped by the scheme concocted by Fischman

and Katz.

18.     In each instance Plaintiffs tendered checks to Katz for investment in Cardis.  Yet,

notwithstanding their direction to Katz that the deposits were for the purchase of equity interests

in Cardis, Katz disbursed a considerable sum of the funds directly to Fischman, Nina Fischman,

or Fischman's entities.

19.     Over the course of the many years the scheme between the Defendants was going

on, Fischman and Katz funneled millions of dollars into the bank accounts of Nina Fischman,

who was not gainfully employed outside the home during any of the relevant period, and never

held any position with Cardis.

20.     Plaintiff Eisenman's check to Katz for investment in Cardis in the amount of

$150,000 was written in January, 2010, and Plaintiff Begun's series of checks for investment in

Cardis totaling approximately $1,700,000 were written beginning in August, 2008 through

February, 2011.

21.     Plaintiff Eisenman has not received any money back from Defendants or

Fischman.  Plaintiff Begun received approximately $300,000 back from Fischman.

22.     Obviously, when Mr. Katz disbursed the funds to Fischman and Fischman's

family members he knew that Plaintiffs' funds, which were being held in Mr. Katz' escrow

account, were dispersed by him for improper purposes in violation of his fiduciary duties.  As the

New York Court of Appeals noted in *Leon v. Martinez*, 84 N.Y.2d 83, 90 (1994), the ethical

4

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 18 of 28 PageID #: 37

rules governing funds in an attorney's IOLA or escrow account create duties for the attorney to third parties (here, Plainitffs) who have a claim to those monies.

23.     The scheme and enterprise operated by Defendants was for the express purpose of enriching themselves and Fischman at the expense of investors, without actually sending all of the monies where they were earmarked, and for the added purpose of defrauding the taxing authorities – both Federal and State.

24.     Each instance of diversion of funds by Defendants was willful and with knowledge that such actions were wrongful and illegal.

25.     This pattern of activity lasted over the course of many years, and involved Plaintiffs and multiple other investors, duped by Aaron Fischman and Katz to invest in either Cardis or other purported investment vehicles promoted by Aaron Fischman.

26.     It was not until November 12, 2020 when Aaron Fischman testified that he controlled Mr. Katz's escrow account that Plaintiff could know that Mr. Katz had abdicated all professional responsibilities and his obligations to Plaintiff and had been participating in and enabling Mr. Fischman's fraud.

## AS AND FOR A FIRST CAUSE OF ACTION
(Fraud)

27.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28.     Defendants' misrepresentations regarding the investments solicited from Plaintiffs, namely that the investments were legitimate investments that would be deposited into the account of Cardis in return for membership interests in that company, but instead were diverted to the Fischmans for their personal use, were fraudulent, misleading and unauthorized acts.

5

29.      Plaintiffs had no knowledge of the falsity and the misrepresentations by

Defendants until November 12, 2020 when Plaintiffs discovered that Aaron Fischman controlled

Defendants' escrow accounts.

30.      The alleged false representations by Defendants were material and knowingly

false when made.

31.      By virtue of the fraud and misrepresentation of Defendants, Plaintiff Eisenman

has been damaged in an amount exceeding $150,000 to be proven at trial.

32.      By virtue of the fraud and misrepresentation of Defendants, Plaintiff Begun has

been damaged in an amount exceeding $1,400,000 to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
(Legal Malpractice)

33.      Plaintiffs repeat, reiterate and reallege each and every allegation set forth in

paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.      Heretofore and prior to the time complained of herein, Aaron Fischman, as a

client of Katz, PC and PLLC retained the Defendants to represent him and his various business

entities for personal and investment purposes.

35.      Aaron Fischman solicited investors to invest in his business ventures and to

deposit the money in the attorney escrow account of the Defendants.

36.      The Defendants, in furtherance of their representation of Aaron Fischman,

arranged for the investors to deposit funds into their attorney escrow account for investment

purposes.

6

37.     In or about January, 2010 Plaintiff Eisenman deposited $150,000 into the aforesaid attorney escrow accounts for the sole purpose of investing into the business venture of Aaron Fischman, namely Cardis.

38.     From in or about August, 2008 until February, 2011, Plaintiff Begun deposited approximately $2,000,000 into the aforesaid attorney escrow accounts for the sole purpose of investing into the business venture of Aaron Fischman, namely Cardis.

39.     The Defendants, jointly and severally, negligently, recklessly and fraudulently, permitted Aaron Fischman to use the Defendants' attorney escrow account in furtherance of his personal goals and financial interests.

40.     The actions of the Defendants, jointly and severally, in utilizing their attorney escrow account to permit Aaron Fischman to obtain his personal goals and financial interests, resulted in the Plaintiffs being deceived and victimized by the Defendants as well as Aaron Fischman.

41.     The actions of the Defendants, jointly and severally, resulted in a total disregard of their fiduciary and other legal duties and obligations to the Plaintiffs.

42.     The Defendants, jointly and severally, permitted Aaron Fischman to use their attorney escrow account with little or no supervision and provided the vehicle by which Aaron Fischman could misappropriate Plaintiffs' funds while at the same time giving a veneer of legitimacy to the various investments and responsibilities to Maidenbaum.

43.     The Defendants, jointly and severally, knew that by Aaron Fischman utilizing their attorney escrow account, it would mislead Plaintiffs into believing that their investments and financial interests were legitimately secure and protected.

7

44.     The Defendants, jointly and severally, failed to exercise reasonable diligence in disbursing funds from their attorney escrow account without proper documentation and other information concerning any of the transactions for which the funds were being provided.

45.     Once the funds were placed into the Defendants' attorney escrow accounts, the Defendants, jointly and severally, owed a duty to Plaintiffs to manage the escrow account and handle Plaintiffs' funds with the care, skill and diligence ordinarily possessed and exercised by an ordinary attorney in similar circumstances.

46.     The Defendants, jointly and severally, were negligent and reckless in that they failed to exercise any diligence in ascertaining the facts concerning Aaron Fischman's use of their attorney escrow account to facilitate the alleged investments; that they were negligent and reckless in accepting funds into their escrow account without any documentation or information concerning the transactions for which the funds were being provided; ceding effective control over their attorney escrow account to Aaron Fischman by allowing him to use the account to receive money from the Plaintiffs without any oversight by them, jointly and severally; by transferring funds from the Plaintiffs to Aaron Fischman, Nina Fischman, or any affiliated entities or individuals, without the knowledge of the Plaintiffs or securing any documentation from the Plaintiffs regarding either the transfer or the purported investment transaction for which the funds were transferred and deposited into the Defendants' attorney escrow account; transferring Plaintiffs' money without obtaining any authorization or approval from Plaintiffs; failing to provide Plaintiffs with notice that they were transferring the funds out of their attorney escrow account; failing to notify Plaintiffs of the date the funds were released, the amount released or the party to whom the funds were released.

8

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 22 of 28 PageID #: 41

47.    The Defendants, jointly and severally, owed a duty of care to Plaintiffs by virtue of their acceptance of Plaintiffs' funds into their attorney escrow account.

48.    Plaintiffs were intended beneficiaries of the Defendants' undertaking to hold their funds in their attorney escrow account.

49.    By virtue of their acceptance of Plaintiffs' funds, the Defendants, jointly and severally, owed a duty to manage the attorney escrow account and handle Plaintiffs' funds with the care, skill and diligence ordinarily possessed and exercised by an ordinary attorney in similar circumstances.

50.    The Defendants, jointly and severally, handled the attorney escrow account and Plaintiffs' funds in a grossly negligent manner in that they failed to exercise the ordinary degree of care, skill and diligence commonly exercised by attorneys in connection with the management and the handling of funds in an attorney escrow account.

51.    The Defendants, jointly and severally, negligently disregarded their duty to Plaintiffs in connection with the management of and the handling of funds in their attorney escrow account with the reasonable care, skill and diligence of an attorney in a similar situation.

52.    The Defendants acts of negligence included the following conduct among others:

(a)    the Defendants, jointly and severally, failed to exercise reasonable diligence in ascertaining the facts concerning Aaron Fischman's use of the attorney escrow account to facilitate his various alleged investments;

9

(b)     the Defendants, jointly and severally, negligently accepted funds from the Plaintiffs into their attorney escrow account without any documentation or other information concerning the transactions for which the funds were being provided;

(c)     the Defendants jointly and severally, negligently ceded effective control over their attorney escrow account to Aaron Fischman by allowing him to use the account to receive money from Plaintiffs without Plaintiffs' approval or consent;

(d)     the Defendants, jointly and severally, negligently transferred Plaintiffs' funds from the firm's attorney escrow account to Aaron Fischman, his wife or affiliated entities and others without securing any documentation from the Plaintiffs regarding the transfer or securing of any documentation for which the funds were scheduled and deposited into the attorney escrow account;

(e)     the Defendants, jointly and severally, negligently transferred Plaintiffs' funds out of their attorney escrow account without any authorization or approval from the Plaintiff;

(f)     the Defendants, jointly and severally, negligently failed to provide Plaintiffs with any notice that they were transferring the funds out of the attorney escrow account;

(g)     the Defendants jointly and severally, negligently failed to notify the Plaintiffs of the date the funds were released, the amount released or the party to whom the funds were released.

10

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 24 of 28 PageID #: 43

53.     Had the Defendants, jointly and severally, exercised their decree of care, skill and diligence required to exercise in carrying out their professional duties, Plaintiffs would not have sustained the losses they sustained and the funds would not have wrongfully been disbursed out of the Defendants' attorney escrow accounts.

54.     As a direct result of the Defendants' negligence and legal malpractice, Plaintiff Eisenman has been damaged in an amount to be determined by the trier of fact, but in a sum not less than $150,000.

55.     As a direct result of the Defendants' negligence and legal malpractice, Plaintiff Begun has been damaged in an amount to be determined by the trier of fact, but in a sum not less than $1,400,000.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS**
(Breach of Fiduciary Duty)

56.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57.     The Defendants, jointly and severally, owed a fiduciary duty to the Plaintiffs by virtue of their acceptance of Plaintiffs' funds into their attorney escrow accounts.

58.     The Defendants, jointly and severally, owed a Fiduciary duty to the Plaintiffs to properly manage the firm's attorney escrow accounts, and ensure the proper use of Plaintiffs' funds.

59.     The Defendants, jointly and severally, owed a fiduciary duty to the Plaintiffs to follow and adhere to the instructions provided by the Plaintiffs when the funds were deposited into their attorney escrow accounts.

11

60.     The Defendants, jointly and severally, completely abdicated their responsibilities as a fiduciary by ceding control of their escrow accounts to Aaron Fischman to use for his own personal benefit and interests, breaching their fiduciary duty to the Plaintiffs.

61.     Plaintiffs reasonably relied on the Defendants' fiduciary duty to faithfully discharge their duties with respect to the escrow accounts and Plaintiffs' funds.

62.     Had the Defendants, jointly and severally, fulfilled their fiduciary obligations to Plaintiffs, Plaintiffs would not have sustained the damages they sustained.

63.     By reason of the foregoing, and the breaches of their fiduciary duties, Plaintiff Eisenman has been damaged in an amount to be determined at the time of trial, but in a sum no less than $150,000.

64.     By reason of the foregoing, and the breaches of their fiduciary duties, Plaintiff Begun has been damaged in an amount to be determined at the time of trial, but in a sum no less than $1,400,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS
### (Violation of Judiciary Law § 487)

65.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66.     Judiciary Law § 487 states in pertinent part that an attorney who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive any party is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

12

Case 2:23-cv-02889-NRM-ARL   Document 1-2   Filed 04/18/23   Page 26 of 28 PageID #: 45

67.     As alleged and described above, Defendants colluded with Aaron Fischman to defraud investors by taking their money and not using it for its intended purpose.

68.     The Defendants are guilty of misconduct as defined by Judiciary Law § 487 and are liable for treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully demand judgment against Defendants as follows:

(a)     judgment against Defendants on the First Cause of Action in an amount to be proven at trial;

(b)     judgment against Defendants on the Second Cause of Action in an amount to be proven at trial;

(c)     judgment against Defendants on the Third Cause of Action in an amount to be proven at trial;

(d)     judgment against Defendants on the Fourth Cause of Action in an amount trebled, to be proven at trial;

(e)     punitive damages against Defendants in an amount sufficient to deter them from engaging in wrongful conduct in the future, but in any event, in excess of $10,000,000;

(f)     costs and disbursements of this action, including attorney's fees; and

13

Case 2:23-cv-02889-NRM-ARL    Document 1-2    Filed 04/18/23    Page 27 of 28 PageID #: 46

(g)     Such other and further relief as to the Court may seem just, proper and

equitable.


Dated: Cedarhurst, New York
       March 29, 2023


                              **LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC**
                              *Attorneys for Plaintiffs*
                              483 Chestnut Street
                              Cedarhurst, New York 11516
                              (516) 295-0903
                              *elliot@eblumenthallaw.com*


          By:    _____
                 ELLIOT J. BLUMENTHAL


14

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

ALAN EISENMAN and ISAAC BEGUN,

       Plaintiff,                           Index No.

       -against-

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and THE LAW OFFICE
OF LAWRENCE KATZ, ESQ., PLLC,

       Defendants.

-------------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC
483 CHESTNUT STREET
CEDARHURST, NEW YORK 11516
*ATTORNEYS FOR PLAINTIFFS*
TELEPHONE (516) 295-0903
FAX (516) 706-3963
E-MAIL: ELLIOT@EBLUMENTHALLAW.COM

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated*:   March 29, 2023   Signature……………………………………………………

                         Print Signer's Name:   Elliot J. Blumenthal

*Service of a copy of the within*                      *is hereby admitted.*

*Dated*:…………………                …………………………………………………
                                  *Attorney(s) for*

LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC
483 CHESTNUT STREET
CEDARHURST, NEW YORK 11516
*ATTORNEYS FOR PLAINTIFFS*
TELEPHONE (516) 295-0903
FAX (516) 706-3963
E-MAIL: ELLIOT@EBLUMENTHALLAW.COM